IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| MARK E. MCDUFFIE, | ) | Civil Action No. 5:21-cv-00794-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARTIN O'MALLEY,[1] | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

Plaintiff Mark E. McDuffie brought this action to obtain judicial review of a final decision of Defendant Acting Commissioner of Social Security regarding Plaintiff's claims for disability insurance benefits. *See* 42 U.S.C. § 405(g). On December 15, 2021, the court remanded the Commissioner's decision pursuant to sentence four of § 405(g) for further administrative proceedings. On remand, an administrative law judge issued a fully favorable decision dated January 10, 2023. *See* ECF No. 34-2 at 6.

This matter now is before the court on Plaintiff's Motion for Attorney's Fees, ECF No. 34, filed on December 21, 2023, for requested fees in the amount of $14,439.50, representing 25% of Guenther's past due benefits, under the Social Security Act, 42 U.S.C. § 406(b), less the amount paid to Plaintiff's attorney pursuant to the Equal Access to Justice Act. The Plaintiff's attorney has been granted fees by this Court in the amount of $7,750.00, under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The Commissioner has not filed a response to Plaintiff's Motion.

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley should be substituted for Kilolo Kijakazi as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

In the United States Supreme Court case of *Gisbrecht v. Barnhart*, 535 U.S. 780 (2002), the Court held that the provision of the Social Security Act limiting attorney fees to 25% of past-due benefits does not displace contingent-fee agreements that are within such statutory ceiling and instructs courts to review for reasonableness fees yielded by such agreements. In addition, if the claimant has been awarded attorney fees under EAJA, the claimant's attorney must refund the lesser of the two fees to the claimant. *Id*. at 796.

Plaintiff's counsel requests a net total amount of $6,689.50, representing the amount of $14,439.50, less the $7,750.00 paid to Plaintiff's attorney under the EAJA. Upon review of the materials submitted to the Court, the undersigned finds that Plaintiff counsel's request for attorney fees, $14,439.50, is reasonable and grants Plaintiff's Motion, ECF No. 34. Plaintiff's attorney must refund to Plaintiff the EAJA award of $7,750.00. Therefore, it is ordered that the Plaintiff's attorney may collect a fee of 25% of Plaintiff's past due benefits, less the amount paid to Plaintiff's attorney in the amount of $7,750.00 under the EAJA, for a net total of $6,689.50.

IT IS SO ORDERED.

January 29, 2024  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge